FILED
HARRISBURG, PA
FEB 23 2026
PER _____
DEPUTY CLERK

Emergency Injuction
§ 1983 Complaint

Michael Smith
    Plaintiff.

v

Primecare Mental Health at Franklin County Jail, and Franklin County Jail
    Respondent

This court has Jurisdiction over Injunctive claims for the Middle District of Pennsylvania where Primecare Mental Health is contracted with the Franklin County Jail located in Chambersburg, PA, 1804 Opportunity Ave.

Plaintiff is Michael Smith who is a adult male, 42 years of age, who has been detained at the Franklin County Jail since March 30, 2021.

Respondent is Primecare medical, mental health who is contracted to provide it's services to Franklin County Jail. Primecore's main office is located in Harrisburg.

Plaintiff brings the foregoing "Emergency Injunction" against Primecare medical on grounds medical malpractice, failer to recognize a medical condition which would require MAT (medication Assisted

Treatment, for OUD, opioid use Disorder.

Plaintiff states the following facts:
Plaintiff has used opioids for over 26 years. Plaintiff has been detained at Franklin County Jail in the past, years 2014 and 2017, both times, the Franklin County Jail had not yet had a MAT program, However, did notify the Jail of opioid use of which medication was provided in a white and green capsule. Plaintiff asserts he has documented opioid use history at the Franklin County Jail.

Upon plaintiff being detained begining March 30, 2024, plaintiff was unaware of the MAT program at the Jail and so never raised the concern about MAT treatment. once plaintiff learned about the MAT program, He requested a assessment for MAT treatment. AT that time, which date plaintiff cannot remember, approx a year after being committed, was denied treatment based on Primecare mental health staff "Hamm" stating plaintiff had no proof of substance abuse history which was a lie, and plaintiff had two dui substance abuse charges for opioid use in 2014, However this information was rejected.

Over the course, plaintiff requested four more assessments because he had began self medicating violating Jail policy by buying Buprenophine off the unit from others who was on the MAT program. Plaintiff could not admit buying opioid medication, however did express that he was at risk to relapse due to years of OUD. Each time plaintiff was assessed it was the same thing, no proof.

Recently, plaintiff requested another MAT assessment which occured approx January 14, 2026 by staff named Doniell. Plaintiff expressed his need for MAT treatment to avoid negative consequences, asserting a legitimate medical disability. Plaintiff asserted deliberate indifference where a prior inmate, Qwan Waods was placed on the program a year later. Plaintiff asserted 90% of the younger population are approved than older inmates. Plaintiff was for the first time told that prior rehab records would be sufficient proof he received treatment in the past for OUD. Plaintiff signed release forms for primecare to obtain his records from Gaudenzia Concept 90 in Harrisburg, PA. January 21, 2026, plaintiff was called back in to speak to Doniell which plaintiff expected his medical records would be discussed based on them being received, However the records was not received by MAT staff. Plaintiff was denied treatment based on the duration he has been confined. Plaintiff plainly stated, "I would be licing if I told you that MAT was not available on the unit". He expressed again his OUD issue and that he didnt want to deal with negative consequences for a medical condition thats being denied treatment.

Plaintiff immediatly wrote a letter to Pennsylvania Institutional Law Project to assist with the matter. On February 06, 2026 Plaintiff was singled out as well as another inmate who was named in the letter which was clearly marked legal mail addressed to Su Ming esq, the two of us was sent to booking to take a urin anaylsis. In the letter plaintiff stated he had been useing Buprenophine for 16 months self medicating OUD. Plaintiff relizied realized Captain Arter who

in control of the mail room had illegally intercepted a legal letter which was attorney/client privilaged. Because this mail was intercepted, unlawfully, is why plaintiff was sent to take a urin test. Plaintiff raised his concern about the letter with the Captain and told him that he had been asking for help, but they would rather he suffer and be punished. Plaintiff was sent to Disciplinary Segregation. where he has been to withdrawl with no treatment since February 06, 2026.

Plaintiff has filed multiple greivances and have exausted greivances on record through the course of four years. Plaintiff filed multiple sick calls and request for a follow up assessment since February 06 2026.

Plaintiff has experienced severe abdominal pain, nausia (diorrea), convulsions, agitation, anxiety. Jail or Primecare cannot grossly disproportionate punishment legitimately and subject prisoners to the serious physical & psychological distress associated with withdrawl because it's cruel, disproportionate and not Judicialy determined.

Staff had irreputable presumption of constructive knowledge of a medical condition, "OUD". These are sixth Amendment, 8th Amendment and Title II of the Americans with Disabilities Act violations.

See Battleground of the opioid crisis: The eighth Amendment right to medication Assisted Treatment in Prison, Jails and upon release. 71 Emory L.J. 1273

Plaintiff has met the Pesce prongs in Pesce v Coppinger. The eighth Amendment allows for the persistence of unecessary and discrimitory barriers to recovery. Plaintiff raises a 6th

Amendment violation of due process as well as 14th Amendment, where punishment has been incorporated without proper due process of law. Plaintiff asserts that the Jail or primecare cannot institute sufferage until it has obtained a valid conviction, and still they would not be permitted to inflict that same harm whether convicted or not.

Primecare and Jail has exibited (exhibited) deliberat indifference medicating other inmates who have been detained beyond a year. Willful ignorance, heighted negligence standard. They had substantive knowledge and knew about past treatment but still denied treatment with the medical records from Gaudenzia Concept 90 and Jail records. They knew with reasonable liklihood of irreparable harm. I am classified in recovery protected by ADA & RA. Even current opioid users cannot be denied health care.

Plaintiff has satisfied the actual knowledge requirment for a finding of deliberate Indifference. Eigth Amendment restricts state punishment, and 6th restricts without due process. Plaintiff cannot be punished through a array of delegation.

Plaintiff has satisfied the Pesce prong that his past failed attempts at recovery without MAT proved Jail & primecare's denial of Buprenophine (MAT) would deny him his only adequate treatment.

1. whether plaintiff was subjected to a substantial Risk of serious harm of which reasonably attentive prison official's would have know.

2. macro and micro failures:
Failed to identify a obvious need for remedial treatment
3. Constructive Knowledge: They should have known about conditions and the corresponding serious harm or the "risk" of serious harm, serious pysical & psychological harm is never Justified.
4. Negligence.
    Withdraw is the only prison's approved MAT which plaintiff has been experiencing since February 6, 2026.
    Neurobiological adaptions are a result of continuous opioid use during which opioid receptor agonists bind to and activate certain receptors on cells preventing a biological response and resulting a chronic relapsing Disorder requiring longitudinal therapy. There is three stages of addiction - binging, withdrawl and anticipation. The brain expects opioids and will do all it can to move the individual (Plaintiff) to obtain and use them.
    Individuals (plaintiff) suffering from OUD have rewired their brains from prolonged opioid use such that they have derailed a neuralbiological system. Instead of a disease, OUD is seen as blameworthy, moral failure. This paints a picture of opioid users as unworthy or undeserving of adequate treatment.
    MAT stabilizes a individual with OUD so they can function normally without producing a high or Intoxication. Methadone and Buprenophine are forms of opioids, meaning they also produce a biological response, but the dosage called a maintance dose is only enough to prevent withdrawl symptons, control cravings and stabilize patients. Natrexone works by blocking the

psychoactive effect of opioids, but it causes withdrawl if there are opioids in the system and can only be used after detoxification. MAT is proven to ~~sto~~ reduce the risk taking behavior and when opioid users have psychological stress or co-morbid mental illnesses enable the Individual to stabilize other medical and psychological diseases than merely substituting one drug for another it gives the individual his life back

### Remedy

Based on the facts herein, plaintiff respectfully request this court to intervene and review the circumstances and find that Primecore mental health and Jail failed to treat a obvious need for treatment and willfully acted negligently by refusing to take into consideration past treatment. It was known plaintiff was at high risk to relapse or self medicate a medical condition and staff failed to assess the risk and provide treatment. Plaintiff has repeatively been told that it was his problem if he got caught. Disciplinary action could have been avoided where plaintiff expressed multiple times that he exhibited cravings and had access to MAT medication. Negligence prevailed and plaintiff is suffering punishment for a obvious medical condition (oud)

Plaintiff request this court to compell primecore to provide treatment for oud with MAT for the ongoing withdrawl crisis and long history of oud.

*[signature]*

February 13, 2026



Name Michael Smith QI-00356
Franklin County Jail
1804 Opportunity Avenue
Chambersburg, PA 17201

LEGAL MAIL

RECEIVED
HARRISBURG, PA
FEB 23 2026
PER_____ DEPUTY CLERK

U.S. District Court
Sylvia H. Rambo
1501 North 6th Street, Suite 101
Harrisburg, PA 17108

HARRISBURG PA 171
18 FEB 2026 AM 1 L