IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL SMITH,                          :      Civil No. 1:26-CV-00441
                                        :
    Plaintiff,                          :
                                        :
    v.                                  :
                                        :
PRIMECARE MENTAL HEALTH, *et*           :
*al.*,                                  :
                                        :
    Defendants.                         :      Judge Jennifer P. Wilson

**MEMORANDUM**

Presently before the court is a complaint filed by Michael Smith ("Plaintiff"), a self-represented individual currently housed at the Franklin County Jail, alleging a denial of medical care for his opioid use disorder. (Doc. 1.) Plaintiff has applied to proceed *in forma pauperis*. (Doc. 4.) Plaintiff has also filed a "motion to supplicate" to properly name 1983 defendants and specify defendant entities, a motion to appoint counsel, and a motion to submit evidence of administrative remedies delay. (Docs. 6, 7, 8.) The court will grant Plaintiff's motion to proceed *in forma pauperis*, file the complaint, and screen the complaint. The court will dismiss all Section 1983 claims against the defendants named in the complaint. Because Plaintiff is seeking leave to make changes to his complaint in his motion to supplicate, the court will allow him to amend his pleading to include all defendants, all claims, and all evidence he seeks to now admit through

1

additional motions. The court will also deny Plaintiff's motion for appointment of counsel without prejudice.

## BACKGROUND

On February 23, 2026, the court received and docketed Plaintiff's complaint naming two defendants: (1) PrimeCare Mental Health ("PrimeCare"); and (2) Franklin County Jail. (Doc. 1.) The complaint raises claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and for negligence based on Franklin County Jail's alleged refusal to treat his opioid use disorder. (*Id.*)

The court entered an administrative order directing Plaintiff to pay the filing fee or file an application to proceed *in forma pauperis*. (Doc. 2.) On March 13, 2026, the court received and docketed Plaintiff's uncertified motion for leave to proceed *in formation pauperis*, "motion to supplicate" to properly name 1983 defendants, motion to appoint counsel, and motion to submit evidence. (Docs. 4, 6, 7, 8.) On March 30, 2026, the court received and docketed the certified prisoner trust fund account statement. (Doc. 10.)

The court will grant the motion to proceed *in forma pauperis*, screen the complaint and address the pending motions.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at Franklin County Jail in Franklin County, Pennsylvania, which is located in this district.  *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109–10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

### A. All Section 1983 Claims Against the Defendants in the Complaint Will be Dismissed.

The complaint raises claims under 42 U.S.C. § 1983, the ADA, the RA, and for negligence based on Franklin County Jail's alleged refusal to treat his opioid use disorder. (Doc. 1.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of

rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25–27 (1991). Similarly, neither a prison nor a department within a prison is a person subject to suit under Section 1983. *Fischer v. Cahill*, 474, F.2d 991, 992 (3d Cir. 1973). The Franklin County Jail is not a person within the meaning of 42 U.S.C. § 1983. Thus, all Section 1983 claims raised against it will be dismissed with prejudice.

It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (citations and quotations omitted). The Supreme Court has held that, while municipal bodies may not be sued solely for violations perpetrated by its employees or agents, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978).

Likewise, a private corporation contracted by a prison to provide health care for inmates cannot be held liable on a *respondeat superior* theory; rather, it can only be held liable for constitutional violations if it had a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). Accordingly, to state a viable Section 1983 claim against PrimeCare, the complaint must set forth "facts to state a claim that [it] had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue." *See Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale*, 318 F.3d at 583). The policy, custom, or practice of PrimeCare was not addressed anywhere in the complaint. Therefore, the company lacks personal involvement and there are no allegations consistent with the requirements in *Natale*. As such, all claims against PrimeCare will be dismissed without prejudice.

**B. The "Motion to Supplicate" and Motion to Submit Evidence Will Be Denied.**

On March 13, 2026, the court received and docketed Plaintiff's "motion to supplicate" and motion to submit evidence. (Docs. 6, 8.) In his "motion to supplicate," Plaintiff recognizes that the two defendants named in his complaint are not proper defendants under Section 1983. (Doc. 6) Therefore, he attempts to name several individuals for the 1983 claims. (*Id*.) As such, the court construes this as a motion to amend his complaint. Plaintiff's motion to submit evidence

seeks to add evidence of Plaintiff's requests for administrative remedies.  (Doc. 8.)
The court construes this as a motion to add exhibits to Plaintiff's complaint.

Fed R. Civ. P. 15 allows a Plaintiff to amend his complaint as a matter of course within twenty-one days of service.  Local Rule 15.1, in pertinent part, requires that an amended pleading "must be retyped or reprinted so that it will be complete in itself including exhibits."  Since Plaintiff is attempting to amend the complaint through a motion requesting parties be added without a proposed amended complaint that meets the requirements of Local Rule 15.1, the motion will be denied.  However, the court will grant Plaintiff leave to file an amended complaint that identifies all the defendants, raises all claims, and contains all exhibits.  The court will delay serving the current complaint to allow Plaintiff the opportunity to file an amended complaint.  Failure to timely file an amended complaint will result in the court proceeding on the claims remaining in the original complaint.

**C. The Motion to Appoint Counsel Will Be Denied Without Prejudice.**

Also on March 13, 2026, the court received and docketed Plaintiff's motion for appointment of counsel.  (Doc. 7.)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see*

*Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  The appointment of counsel is

a privilege, not a statutory or constitutional right.  *Brightwell v. Lehman*, 637 F.3d

187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

However, representation by counsel may be appropriate under certain

circumstances after a finding that the plaintiff's case has arguable merit in fact and

law.  *Tabron*, 6 F.3d at 155.  If the court finds that the plaintiff has crossed this

threshold inquiry, the court should consider the following factors in deciding

whether to request a lawyer to represent an indigent plaintiff:

(1)   the plaintiff's ability to present his or her own case;

(2)   the complexity of the legal issues;

(3)   the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4)   the plaintiff's ability to retain counsel on his or her own behalf;

(5)   the extent to which a case is likely to turn on credibility determinations, and;

(6)   whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57.  This list of factors is non-exhaustive, and no single

factor is determinative.  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)

(citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).  Instead, these

factors serve as guideposts for the district courts to ensure that the precious

commodity of volunteer attorney time is not "wasted on frivolous cases."  *Id.*

8

Here, Plaintiff's motion does not address any of the factors set forth in *Tabron*. Furthermore, Plaintiff's case is awaiting the filing of an amended complaint to raise all claims against all defendants. Therefore, the court will deny the motion for appointment of counsel without prejudice. Plaintiff may renew his motion or the court may appoint counsel *sua sponte* if it deems necessary.

### CONCLUSION

For the above-stated reasons, the court will grant Plaintiff's motion to proceed *in forma pauperis* and screen the complaint. As a result of the screening, the court will dismiss the Section 1983 claims against Franklin County Jail with prejudice and the Section 1983 claims against PrimeCare without prejudice. The court will deny Plaintiff's "motion to supplicate" and motion to submit evidence because it will grant Plaintiff leave to file an amended complaint naming all defendants, raising all claims, and attaching all exhibits. If an amended complaint is not timely filed, the court will proceed with the remaining claims in the original complaint.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 30, 2026

9